■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. B. JOSEPH DI SESSA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENIO TUTORA, Appellant.— Judgments, Supreme Court, New York County, rendered December 4, 1972, convicting each of the defendants after trial of one count of conspiracy in the third degree, (Penal Law, § 105.05) and three counts of bribe receiving (Penal Law, § 200.10), and sentencing each of them to concurrent, indeterminate terms of imprisonment not to exceed three years for the crime of bribe receiving, and to concurrent definite one-year terms of imprisonment on the conspiracy counts, are unanimously reversed on the law and a new trial ordered. The People's case was based primarily upon the testimony of the witnesses Crisafulli and Poulos. Upon this record it is quite evident that Crisafulli was an accomplice as a matter of law, and that Poulos, upon proper instructions, might be found by the jury to be an accomplice as a matter of fact. Accordingly, the court's refusal to charge, as requested .by the defendants, and consented to by the District Attorney, that the accomplice testimony must be corroborated by evidence tending to connect defendants with the commission of the crimes, constituted error. The District Attorney concedes that such error was prejudicial to defendant Tutora, thus necessitating a new trial as to that defendant. It is argued, however, that with respect to Di Sessa, the error was harmless since "by means of his admissions and confessions * * * [he] clearly tended to connect himself with conspiratorial agreement to accept the $5,000 bribe and the receipt of the $200 bribe payment." We do not agree. In the absence of a charge to the jury concerning the necessity of corroboration of the accomplice testimony, there is no way of determining the basis for Di Sessa's conviction. There is no way of ascertaining the weight given by the jury to Di Sessa's testimony in explanation of the transactions and we cannot know whether the jury would have viewed the accomplice testimony in the same manner if properly charged. (*People* v. *Diaz*, 19 N Y 2d 547; *People* v. *Bell*, 32 A D 2d 781.) Upon this record, and considering that the request to charge was concededly correct, this court would be usurping the function of the jury if we were to hold that the error was harmless. Concur — Markewich, J. P., Nunez, Kupferman, Lane and Tilzer, JJ.