■ ELINOR SIDEL, Respondent, v HAROLD K. SIDEL, Appellant.—Judgment, Supreme Court, New York County, entered May 28, 1974, unanimously modified, in the exercise of discretion, to reduce alimony to the sum of $5,000 per annum and support for each of the two infant children of the marriage to $7,500 per annum and to reduce counsel fee to $4,500 in addition to the sums heretofore paid, to be inclusive of this appeal, and otherwise affirmed, without costs and without disbursements. The awards of alimony and support were disproportionate to the husband's resources and to the reasonable needs of the family to the extent indicated, and counsel fee reduced as indicated is adequate for the services required in this uncomplicated litigation. Concur—Stevens, P. J., Markewich, Kupferman, Tilzer and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD PHILLIPS, Appellant.—Judgment of conviction, Supreme Court, Bronx County, rendered October 27, 1972 after trial to a jury, unanimously reversed, on the law, and the case remanded, in the interest of justice, for reexamination as to the competence of defendant-appellant to stand trial and, should defendant-appellant so be found competent, for trial anew. Defendant was convicted of manslaughter of his three-year old child by beating and forced ingestion of salt water. The chief witness against him was his common-law wife, mother of the child, who testified to her knowledge of a series of beatings culminating in the fatal one; that, at defendant's request, she had sent another child with salt to the room in which the beating occurred; and that she had participated in concealing the death and in disposal of the body. There was at least an issue of fact as to her status as an accomplice. Regardless, the trial court refused to charge the necessity of corroboration of her testimony if the jury found her to have been an accomplice. This was error, and a new trial is required. (See *People v Di Sessa,* 42 AD2d 952.) However, the interest of justice requires reexamination of defendant as to his competence to stand trial. Two months after indictment, two court-designated psychiatrists found defendant unfit to stand trial and a motion to confirm was granted. The District Attorney, however, believing incompetence to have been feigned, caused him to be reexamined, without notice to defense counsel or court order, and a finding of competence was made and the trial conducted. Such irregularity cannot be condoned and is not cured by counsel's concession at argument that his client is now competent. The proprieties demand that his competence or lack thereof be established under proper safeguards. If indeed he is then found to be competent, the retrial may proceed. (See *People v Al-Kanani,* 26 NY2d 473.) Concur—Markewich, J. P., Tilzer, Capozzoli and Nunez, JJ.